A. J. GLASSBURN, Appellee, v. S. H. WIREMAN, Administrator, ET AL., Defendant. NANCY PALMER, Appellant.

Defective title: NOTICE TO MORTGAGEE. Neither the fact that a mortgagor's title was based on a deed from her husband expressing

a consideration of "love and affection," nor that a judgment was entered against the husband shortly after the conveyance, amounted to notice to the mortgagee of a defective title.

*Appeal from Mills District Court.*— HON. O. D. WHEELER, Judge.

WEDNESDAY, FEBRUARY 8, 1905.

ACTION in equity to foreclose a mortgage on real estate. There was a decree in favor of plaintiff, and the defendant Nancy Palmer appeals.— *Affirmed.*

*C. E. Dean* and *E. B. Woodruff,* for appellant.

*Ivory & Otis,* for appellee.

BISHOP, J.— The mortgage in suit was executed and delivered to plaintiff on December 13, 1898, by Hannah W. Van Arsdale, and she was at that time the owner of the record title to the property. The defendant Nancy Palmer, upon coming in, pleaded a judgment obtained by her against Garrett Van Arsdale — first in justice's court, and thereafter, and on March 10, 1897, transcripted to the district court of Mills county. Further, she alleged that, subsequent to the time of the debt upon which said judgment was founded had accrued, the said Garrett Van Arsdale became the owner of the property in question, and that on November 25, 1896, he conveyed the same to his wife, Hannah W. Van Arsdale; that such conveyance was voluntary, without consideration, and made and accepted in fraud of said defendant, and to defeat a collection of her said judgment. As to plaintiff, it is alleged that he took his mortgage with full knowledge of all such facts.

The proof made upon the trial was sufficient to show that the conveyance from Garrett Van Arsdale to his wife was without any valuable consideration, and that such property was substantially all that he owned. With this established,

it may be taken for granted, for the purposes of the case, that defendant was entitled to a decree as against the Van Arsdales. In proof of knowledge on the part of plaintiff of the fraud, defendant relies wholly upon the state of the public records of the county, as the same existed at the time of the execution of the mortgage. As already outlined, such records disclosed the deed to Hannah Van Arsdale executed and recorded in November, 1896, the consideration expressed therein being "love and affection"; also the judgment against Garrett Van Arsdale entered in the district court on transcript in March, 1897. In accepting his mortgage, and in the absence of actual notice of defects or infirmities, plaintiff confessedly had the right to rely upon the record title to the property. Now, the mere fact that the record disclosed the character of the conveyance under which his mortgagee held title was not notice of a defect or infirmity; there being no proceedings pending of record or judgments entered against her husband at the time he parted with the title. So, too, the judgment entered against Garrett Van Arsdale more than a year afterwards did not become a record lien on the property, and could only be made so by proper proceedings brought for that purpose. Plaintiff was not bound, therefore, to take notice of such judgment. Moreover, there is nothing in the record before us to show that the judgment entry disclosed anything respecting the origin or date of the claim on which it was rendered. If, therefore, the attention of plaintiff had been in fact called to such entry, he would have known nothing more than that the judgment existed.

As plaintiff had no notice, either actual or constructive, of any right or interest of the defendant Palmer in the property at the time he took his mortgage, it follows that the decree of the court below was warranted, and it is *affirmed*.